**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| J. PATRICK DEDEYN, JEFFREY ERNY, AND JEFFREY KASPRZYK, on behalf of themselves and all others similarly situated,<br><br>         Plaintiffs,<br><br>v.<br><br>GINTZLER GRAPHICS, INC. and RESOURCE LABEL GROUP LLC, | **No. _____**<br><br>**COMPLAINT FOR VIOLATION OF FAIR LABOR STANDARDS ACT, NEW YORK LABOR LAW, AND ERISA**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs J. Patrick DeDeyn, Jeffrey Erny and Jeffrey Kasprzyk ("Plaintiffs"), by their undersigned counsel, allege the following which is based on personal knowledge and the investigation of counsel:

**NATURE OF THE ACTION**

1.      This is a collective action under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* (the "FLSA"), and a class action under the New York Labor Law (the "NYLL") against defendant Gintzler Graphics, Inc. ("Gintzler") for untimely payment of wages to Plaintiffs and all similarly situated manual employees (the "Employees") in the state of New York; and against Gintzler and its parent company Resource Label Group ("RLG") for breach of fiduciary duty in violation of Section 404 of the Employee Retirement Income Security Act of 1974 ("ERISA") and prohibited transactions in violation of Section 406 of ERISA for failure to timely remit employee contributions to RLG's 401(k) plan (the "Plan").

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b).  This Court has jurisdiction over Plaintiffs' NYLL claims pursuant

to 28 U.S.C. §1367. The Court has jurisdiction over Plaintiffs' ERISA claims pursuant to ERISA §502(e)(1), 29 U.S.C. §1132(e)(1).

3.      Venue is proper in this District because the events giving rise to Plaintiffs' claims occurred in this District, including but not limited to Plaintiffs' employment by Gintzler and the employment of other manual workers by Gintzler. Venue is proper in this District for Plaintiffs' ERISA claims pursuant to ERISA §502(e)(2), 29 U.S.C. §1132(e)(2).

## THE PARTIES

4.      Plaintiff DeDeyn has worked for Gintzler as a Prepress Technician from in or about January 1995 through the present. At all times, Plaintiff DeDeyn has been a manual worker within the meaning of NYLL §191(1)(a). Plaintiff's written consent to bring FLSA claims, pursuant to 29 U.S.C. §256, is attached hereto as Exhibit A.

5.      More than twenty-five percent of Plaintiff J. Patrick DeDeyn's duties are physical tasks, including but not limited to organizing daily work order folders from department to department, physically transferring work order folders from department to department during the proofing and approval process, retrieval of existing printing plates from the plate room to another location within the plant, physically making new printing plates on multiple machines for the press room to use, and intaking of supplies for the prepress department and plate room department and storing them while rotating the stock.

6.      Plaintiff Erny has worked for Gintzler as a Prepress Supervisor or Manager from in or about 2001 through the present. At all times, Plaintiff Erny has been a manual worker within the meaning of NYLL §191(1)(a). Plaintiff's written consent to bring FLSA claims, pursuant to 29 U.S.C. §256, is attached hereto as Exhibit B.

7.    Over twenty-five percent of Plaintiff Jeffrey Erny's duties are physical tasks, including but not limited to organizing daily work order folders from department to department, physically transferring work order folders from department to department during the proofing and approval process, retrieval of existing printing plates from the plate room to another location within the plant. Washing plates and refiling, physically making new printing plates, film positives and rotors screens on multiple machines for the press room to use, testing exposures for plate room calibrations, intaking of supplies for the prepress department and plate room department and storing them where they belong while rotating the stock, moving and transferring plate solvent into recycling unit daily to distill for fresh chemistry, plate vault purging of outdated plates, repairing various machines within department and changing filters on bulbs on plate making equipment.

8.    Plaintiff Kasprzyk worked for Gintzler as a Pressman or Digital Press Operator from in or about February 2018 through September 2023. At all times, Plaintiff Kasprzyk was a manual worker within the meaning of NYLL §191(1)(a). Plaintiff's written consent to bring FLSA claims, pursuant to 29 U.S.C. §256, is attached hereto as Exhibit C.

9.    During his employment, over twenty-five percent of Plaintiff Jeffrey Kasprzyk's duties were physical tasks, including but not limited to moving press rolls from skids to floor, press rolls from floor to press, and press rolls finished on press to skids, moving those finished rolls to the next department, setting up presses included moving heavy pieces of equipment on and off the press, and walking back and forth between the end of the press and beginning of the press which can be up to 75 feet long each way. Other daily duties included walking from department to department getting supplies for each press utilizing carts and floor jacks, and setting up each job could entail lifting equipment in excess of 40 pounds multiple times per job throughout the ten-hour shift.

10.    Defendant Gintzler is a manufacturer of consumer labels and packaging products. Gintzler has at all relevant times been an employer of Plaintiffs and the Collective/Class. Gintzler is a "party in interest" of the Plan.

11.    Defendant Resource Label Group is the parent company of Gintzler. RLG is the sponsor of the Plan.

## COLLECTIVE ALLEGATIONS

12.    Plaintiffs bring the First Count as a collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. §216(b) on behalf of themselves and other similarly situated manual workers (the "Collective" or the "Employees"), which includes:

> All Gintzler employees working at the Company's Williamsville, New York facility, excluding the Vice President Operations – Northeast from December 13, 2020 through the date the Court orders notice to be sent in accordance with Section 216(b) of the FLSA (the "FLSA Class Period").

13.    Defendant is liable under the FLSA for, *inter alia*, failing to properly and/or timely compensate Plaintiffs and the Collective. There are likely 100 or more similarly situated current and former employees of Defendant who have been untimely paid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records that Defendant is required to create and maintain under applicable federal and state law. Notice should be sent to the Collective pursuant to 29 U.S.C. §216(b).

## CLASS ACTION ALLEGATIONS

14.    Plaintiffs bring this class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of the following class of Employees who were untimely paid (the "Untimely Payment Class" or the "NYLL Class"):

> All Gintzler employees working at the company's Williamsville, New York facility, excluding the Vice President Operations – Northeast from December 13, 2017 through the date a judgment is entered in this action.

15.    Plaintiffs bring this class action pursuant to Fed. R. Civ. P. 23(a) and (b)(1) on behalf of the Plan and the following class of Employees whose Plan contributions were untimely remitted to the Plan (the "Untimely Contribution Class"):

> All Gintzler employees working at the company's Williamsville, New York facility who were members of the Plan from April 1, 2022 through and including February 1, 2023.

16.    Members of the Classes are so numerous that joinder of all members would be impracticable.  Plaintiffs estimate that there are over 100 members of the Classes.

17.    Questions of law and fact are common to all the members of the Classes that predominate over any questions affecting only individual members. The following uniform questions, among others, apply to the Untimely Payment Class: whether Gintzler failed to timely pay Plaintiffs and the Class, whether Plaintiffs and the Class are entitled to liquidated damages, and the amount of liquidated damages owed by Defendant. The following uniform questions, among others, apply to the Untimely Contribution Class: Whether Defendants are fiduciaries of the Plan, whether Defendants untimely remitted the Class's withheld monies to the Plan, and the amount by which the Class and/or the Plan have been damaged.

18.    The claims of Plaintiffs are typical of the claims of the members of the Class. Plaintiffs have no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiffs.

19.    Plaintiffs will protect the interests of the Class fairly and adequately, and Plaintiffs have retained attorneys experienced in class action litigation.

20.    A class action is superior to all other available methods for this controversy because:

a.    The prosecution of separate actions by the members of the Class would create a risk of adjudications with respect to individual members of the Class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

b.    The prosecution of separate actions by the members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, which would establish incompatible standards of conduct for defendant;

c.    Defendant acted or refused to act on grounds generally applicable to the Class; and questions of law and fact common to members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

d.    Employees who are currently employed by Defendant are likely to fear retaliation and/or the loss of their employment, and thus will not commence their own actions.

## SUBSTANTIVE ALLEGATIONS

### A.  Untimely Payments

21.    Plaintiffs and the Employees are manual workers currently and formerly employed by Gintzler. All of the Employees are manual workers within the meaning of NYLL §191(a) and, pursuant to common policies and job descriptions of Gintzler and their regular duties, spend more than 25% of their time engaged in physical labor.

22.    Gintzler paid the Employees every two weeks from October 2017 through July 1, 2022. This late payment was made pursuant to a company-wide payroll policy that was uniformly applicable to all of the Employees.

23.    Plaintiffs and the Class were harmed by Gintzler's untimely payments. Plaintiffs and the Class are manual workers who depend upon their wages for sustenance and suffer harm that is particularly acute when their wages are delayed, and they are temporarily deprived of their earned wages.

24.    Each time Plaintiffs and Class Members received late compensation for the work they performed, Gintzler underpaid them for the work that they performed that week.

25.    Each time Gintzler failed to pay Plaintiffs their wages earned within seven days of the end of the workweek, Gintzler deprived Plaintiffs of the use of money that belonged to Plaintiffs. As a result, Plaintiffs were unable to do those things that every person does with their money, such as paying bills or buying goods that they needed or wanted to buy. Moreover, Plaintiffs lost the time value of money.

26.    By way of example, the delayed wage payments prevented Plaintiffs and Class Members from spending money earned on a host of everyday expenses and to provide for their basic needs including, but not limited to, purchasing food and groceries, rent or mortgage payments, gas or heating oil, utilities, medical supplies and services, insurance, automobile payments, fuel for vehicles, education tuition and expenses, daycare or childcare, public transportation, and other basic living expenses.

27.    Additionally, Defendant's delayed payment of wages forced Plaintiffs and Class Members to forego purchasing goods and services until a later time after their receipt of their late paid wages. Because of inflation, being an ever-increasing scourge throughout the Covid-19

pandemic and recent events, Plaintiffs and Class Members were required to pay increased prices for the goods and services that they otherwise would have purchased at an earlier date were their wages lawfully paid on a weekly basis.

28.    By retaining these wages earned beyond the timeframes set by NYLL §191, Gintzler benefitted from the time value of money and their free use of such funds, at the expense of Plaintiffs and Class Members. Gintzler was free to utilize those funds to purchase goods and services, pay rent or mortgages on its facilities, pay installment payments, pay for marketing and other business expenses, and accrue interest on those funds in its business accounts.

**B.    Defendants' Untimely 401(k) Contributions**

29.    Pursuant to the DOL Regulation at 29 C.F.R. §2510.3-102(a)(1), employee contributions become assets of the Plan as soon as they can reasonably be segregated from the assets of the employer.

30.    Between at least January 1, 2022 and the present, Defendants regularly failed to ensure that amounts withheld from paychecks of the Gintzler employees were remitted to the Plan as soon as they could reasonably be segregated from the assets of the employer. Some remittances have been one week late and others have been as long as one month late, each of which is untimely under applicable standards governing the timing of 401(k) contributions.

31.    Defendants have breached their fiduciary obligations by failing to discharge their duties with respect to the Plan solely in the interest of the Plan participants and beneficiaries, for the exclusive purpose of providing benefits and defraying reasonable expenses of plan administration, with the requisite degree of care, skill and prudence, and in accordance with the documents and instruments governing the Plan, in violation of §§ 404(a)(1)(A), (B) and (D) of ERISA, 29 U.S.C. §§ 1104(a)(1)(A), (B) and (D), by, among other things, failing to ensure that

8

participant contributions were timely remitted to the Plan, failing to remit all participant contributions to the Plan, and failing to administer the Plan in a prudent manner.

32.    Defendants have retained the use of unremitted participant contributions as described above, which they knew or should have known constituted a direct or indirect transfer of Plan assets to or use for the benefit of the Defendants (a plan sponsor and a party in interest) in violation of § 406(a)(1)(D) of ERISA, 29 U.S.C. § 1106(a)(1)(D).

33.    Defendants have dealt with the assets of the Plan in their own interest and for their own account by engaging in the transactions described above, in violation of § 406(b)(1) & (2) of ERISA, 29 U.S.C. § 1106(b)(1) & (2), by, among other things, causing the Defendants to retain the use of unremitted participant contributions for their daily business operations.

## COUNT I

**Fair Labor Standards Act, 29 U.S.C. §201, *et seq*.: Failure to Timely Pay Wages**
**(Brought on Behalf of Plaintiffs and the Collective Against Gintzler)**

30.    Plaintiffs incorporate and reallege all of the preceding paragraphs as if they were fully set forth herein.

31.    During the FLSA Class Period, Plaintiffs and others similarly situated were "employees" of Defendant within the meaning of the FLSA, 29 U.S.C. §203(e) and (g).

32.    At all relevant times, Defendant has been an "employer" engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §203.

33.    At all relevant times, Defendant's business has had annual gross revenues in excess of $500,000.

34.    Plaintiffs consent in writing to be a party to this action pursuant to 29 U.S.C. §216(b). Plaintiffs' written consents are attached hereto as Exhibits A-C and incorporated by reference.

35.    Plaintiffs' pay day, and that of the Collective, was set by operation of New York Labor Law §191(1)(a), which requires that an employer pay manual workers "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned."

36.    During the FLSA Class Period, Defendant failed to pay Plaintiffs and the Collective on their proper pay day. Instead, Defendant paid Plaintiffs every two weeks. Thus, Plaintiffs and the Collective were paid late *in 50% of all weeks worked.*

37.    As a result of Defendant's violations of the FLSA, Plaintiffs and others similarly situated have been harmed as alleged above and are entitled to recovery of liquidated damages in an amount equal to their untimely-paid wages, prejudgment and post judgment interest, reasonable attorneys' fees, and costs and expenses.

38.    Defendant's unlawful conduct, as described above, was willful and intentional and/or was not in good faith. Defendant knew or should have known that the practices complained of herein were unlawful.

39.    Defendant has not made a good faith effort to comply with the FSLA with respect to the compensation of Plaintiffs and others similarly situated.

40.    Because Defendant's violations of the FSLA have been willful, a three-year statute of limitations applies, pursuant to the FLSA, 29 U.S.C. §255(a).

41.    Due to Defendant's violations of the FLSA, Plaintiffs and the Collective are entitled to recover from Defendant liquidated damages, reasonable attorneys' fees, costs and expenses, and pre-judgment and post-judgment interest.

10

## COUNT II

### New York Labor Law, Section 191: Failure to Timely Pay Wages
### (Brought on Behalf of Plaintiffs and the NYLL Class Against Gintzler)

42.    Plaintiffs incorporate and reallege all of the preceding paragraphs as if they were fully set forth herein.

43.    New York Labor Law §191(a) requires that employees pay "manual workers" on a weekly basis.

44.    Plaintiffs and the Class were manual workers within the meaning of NYLL §191(a).

45.    Defendant paid Plaintiffs and the Class bi-weekly, in violation of NYLL §191(a).

46.    Accordingly, Plaintiffs and the Class are entitled to liquidated damages in the amount of 100% of their untimely-paid wages, reasonable attorneys' fees, costs and expenses, and pre-judgment and post-judgment interest.

## COUNT III

### ERISA Sections 404 and 406: Breach of Fiduciary Duty and Prohibited Transactions
### (Brought on Behalf of Plaintiffs, the Untimely Contribution Class, and the Plan Against Defendants)

47.    Plaintiffs incorporate and reallege all of the preceding paragraphs as if they were fully set forth herein.

48.    Defendant RLG is a fiduciary and/or a party in interest in connection with the Plan pursuant to 29 U.S.C. §1002.

49.    Defendant Gintzler is a party in interest in connection with the Plan pursuant to 29 U.S.C. §1002 (14).

50.    Defendants breached their fiduciary duties, and engaged in prohibited transactions, by retaining the unremitted participant contributions as described above, and by dealing with the

assets of the Plan in their own interest and for their own account by engaging in the transactions described above.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Court grant Plaintiffs and the Employees the following relief:

A.      An order certifying this case as a collective action for the violations of the FLSA, as it pertains to the First claim under 29 U.S.C. §216(b) for the class of employees described herein and permitting Plaintiffs to send a notice to the Collective described herein;

B.      An order certifying this case as a class action for violations of the NYLL as it pertains to the Second claim under Federal Rule of Civil Procedure 23 (a) and (b)(3) for the class of employees described herein, appointing Plaintiffs as Class Representatives, and appointing Plaintiffs' counsel as Class Counsel;

C.      An order certifying this case as a class action for violations of ERISA as it pertains to the Third claim under Federal Rule of Civil Procedure 23 (a) and (b)(1) for the class of employees described herein, appointing Plaintiffs as Class Representatives, and appointing Plaintiffs' counsel as Class Counsel;

D.      Enjoin Defendants from engaging in any further violations of Title I of ERISA;

E.      Order Defendants, jointly and severally, to restore to the affected members of the Plan all losses, including lost earnings and interest, which occurred as a result of the breaches of Defendants' fiduciary obligations;

F.      Award Plaintiffs and the Class all statutory damages, compensatory damages, punitive damages, liquidated damages, pre-judgment interest, and post-judgment interest, and any other damages that may be just and proper;

G.      Award Plaintiffs and the Class their reasonable attorneys' fees, costs and expenses as authorized by law; and

H.      Grant in favor of Plaintiffs and the Class such other relief as may be just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all claims for which a jury is available.

DATED:  December 13, 2023              SANDERS & SANDERS

                                       By: _s/Harvey P. Sanders, Esq._____

                                       Harvey P. Sanders, Esq.
                                       401 Maryvale Drive
                                       Cheektowaga, NY 14225
                                       Tel: (716) 839-1489

                                       **GARDY & NOTIS, LLP**
                                       Orin Kurtz
                                       150 East 52nd Street, 11th Floor
                                       New York, New York 10022
                                       Tel: (212) 905-0509
                                       Fax: (212) 905-0508
                                       okurtz@gardylaw.com

                                       *Attorneys for Plaintiffs*